IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEEPY HOLLOW INVESTMENT COMPANY NO. 2.,<br><br>           Plaintiff,<br>     v.<br><br>PROTOTEK, INC., et al.,<br><br>           Defendants                             / | No. C-03-4792 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; DIRECTING CLERK TO FILE DOCUMENT UNDER SEAL; VACATING HEARING** |

      Before the Court is plaintiff's application for entry of default judgment against defendants Prototek, Inc. and Prototek II, Inc. (collectively, "Prototek"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Having reviewed the papers submitted by plaintiff, the Court hereby rules as follows.

      In its application, plaintiff seeks two types of damages, as well as an award of attorney's fees and costs, prejudgment interest and postjudgment interest.

      With respect to damages, plaintiff seeks to recover $148,601.05, which plaintiff expended to perform the environmental clean-up of plaintiff's premises after Prototek's abandonment.  For the reasons stated in the Court's order of March 18, 2005, plaintiff is entitled to an award of damages in the amount of $148,601.05, (see Order Affording Pl.

Leave to Supplement Appl. for Def. J., filed March 28, 2005, at 1:22-26),[1] less $95,000, the amount plaintiff received from the settling defendants, (see Order Affording Pl. Further Leave to Supplement Appl. for Default J., filed April 15, 2005, at 2:7-9), leaving a balance of $53,601.05. Additionally, plaintiff seeks to recover $107,413.81, representing loss of rent and loss of use of the premises. For the reasons stated in the Court's order of April 15, 2005, plaintiff is entitled to damages in the additional amount of $107,413.81, (see id. at 2:3-6), resulting in a total award of damages in the amount of $161,014.86.

Plaintiff seeks to recover the sum of $175,429.04 in attorney's fees and costs. For the reasons stated in the Court's order of April 15, 2005, plaintiff is entitled to fees and costs reasonably incurred to prosecute its claims against Prototek, under the attorney's fees provisions in the lease agreements between plaintiff and Prototek. (See id. at 2:11-15.) Plaintiff, however, is not entitled to the fees and costs it incurred in prosecuting its claims against the other defendants, as the lease agreements cannot reasonably be interpreted to require Prototek to pay the fees and costs plaintiff incurred in prosecuting claims against defendants other than Prototek. Plaintiff's reliance on the principle that "fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed," see Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 129-30 (1979), is unavailing to the extent plaintiff seeks to recover fees and costs incurred after February 25, 2004, the date the Clerk entered Prototek's default. As a result of the entry of Prototek's default, plaintiff was relieved of its obligation to prove Prototek's liability. Consequently, fees and costs incurred to establish the liability of other defendants cannot be deemed reasonably incurred in the prosecution of plaintiff's claims against Prototek, as any common issue with respect to liability ceased to exist upon entry of Prototek's default. The Court will award, however, in addition to fees and costs reasonably incurred prior to entry of Prototek's default, fees and costs reasonably incurred after entry of Prototek's default, to the extent the Court can

---

[1] In the Court's March 28, 2005 order, this sum was stated as "$148,501.05." The correct sum, as set forth above, is $148,601.05.

ascertain from the billing records submitted by plaintiff that such fees and costs were incurred by plaintiff to establish the amount of its damages against Prototek, to prepare a case management statement, and to prepare the instant application.

Specifically, the Court, having reviewed the billing records, finds plaintiff reasonably incurred the following fees and costs in pursuing its claims against Prototek: (1) for the period prior to the filing of the complaint, plaintiff reasonably incurred fees in the amount of $25,582.50 and costs in the amount of $7144.29; (2) for the period from the filing of the complaint to the entry of Prototek's default, plaintiff reasonably incurred fees in the amount of $20,625.75[2] and costs in the amount of $3396.12; and (3) for the period after entry of Prototek's default, plaintiff reasonably incurred fees in the amount of $15,298.25 and costs in the amount of $118.21. Accordingly, plaintiff is entitled to fees in the amount of $61,506.50, together with costs in the amount of $10,658.62, for a total of $72,165.12.

Plaintiff seeks an award of prejudgment interest at the rate of 10%. Two of the four lease agreements implicated herein provide that "any amount due to [plaintiff] not paid when due shall bear interest at 10% per annum from the date due," (see Amended Rouse Decl., filed April 8, 2005, Ex. C ¶ 16.4, Ex. D ¶ 16.4), and two provide that "any amount due to [plaintiff] not paid when due shall bear interest at the maximum rate then allowable by law from the date due," (see id. Ex. A ¶ 19, Ex. B ¶ 19). Because the maximum rate of prejudgment interest allowable under the applicable law is 10% per annum, see Cal. Civ. Code § 3289(b), plaintiff is entitled to prejudgment interest in the amount of 10% per annum from the date an obligation was due. Specifically, plaintiff is entitled to the following: (1) interest on lost rent of $27,263.80, at a daily rate of $7.47, calculated from August 8, 2003 through May 20, 2005, for a total of $4862.97; (2) interest on loss of use of $80,150.01, at a daily rate of $21.96, calculated from February 26, 2004 through May 20,

---

[2] Plaintiff states that the amount of fees reasonably incurred during this period was $20,988.75. (See Horner Decl., filed May 6, 2005, ¶ 10.) The billing records submitted by plaintiff, however, indicate that, for this period, Berding & Weil LLP billed plaintiff for fees in the amount of $13,995.75, (see In Camera Submission Ex. D at 6-11), and that Resolution Law Group P.C. billed plaintiff for fees in the amount of $6630.00, (see id. Ex. E), for a total of $20,625.75.

3

2005, for a total of $9882; (3) interest on clean-up costs of $148,601.05, at a daily rate of $40.72, calculated from February 26, 2004 through January 12, 2005,[3] for a total of $13,111.84; (4) interest on clean-up costs of $88,601.05, at a daily rate of $24.27, calculated from January 13, 2005 through March 10, 2005,[4] for a total of $1383.39; (5) interest on clean-up costs of $73,601.05, at a daily rate of $20.16, calculated from March 11, 2005 through April 8, 2005,[5] for a total of $584.64; and (6) interest on clean-up costs of $53,601.05, at a daily rate of $14.69, calculated from April 9, 2005 through May 20, 2005, for a total of $616.98. Accordingly, plaintiff is entitled to an award of prejudgment interest in a total amount of $30,441.82.

Finally, plaintiff seeks an award of postjudgment interest. An award of postjudgment interest is applicable to the entire judgment, including the sums awarded for attorney's fees and prejudgment interest. See Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F. 3d 288, 290-91 (9th Cir. 1994). Postjudgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve Systems, for the calendar week preceding the date of the judgment." See 28 U.S.C. § 1961(a). The applicable rate for a judgment entered on May 20, 2005 is 3.35%, see http://www.federalreserve.gov/releases/H15/Current/, computed daily and compounded annually, see 28 U.S.C. § 1961(b).

//

//

---

[3] On January 12, 2005, plaintiff received a check for $60,000 from settling defendant Samuel Waksal, (see In Camera Submission Ex. D at 30), thus receiving partial payment on the obligation due.

[4] On March 10, 2005, plaintiff received a check for $15,000 from settling "ICN" defendants, (see In Camera Submission Ex. D at 31), thus receiving partial payment on the obligation due.

[5] On a date no later than April 8, 2005, plaintiff received a check for $20,000 from settling "ESP" defendants, (see In Camera Submission Ex. D at 31; Pl.'s Supp. Mem. of P. & A., filed April 8, 2005, at 5:25-26), thus receiving partial payment on the obligation due.

**CONCLUSION**

For the reasons stated above, plaintiff's application is hereby GRANTED in part and DENIED in part, as follows:

1. Plaintiff shall have judgment against Prototek in the amount of $263,621.80 ($161,014.86 + $72,165.12 + $30,441.82), such judgment to bear interest at the rate of 3.35% until paid.

2. The Clerk of the Court is hereby DIRECTED to file under seal the In Camera Submission, dated May 6, 2005, submitted by plaintiff in support of the instant application.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 20, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge