IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEEPY HOLLOW INVESTMENT COMPANY NO. 2., <br><br> Plaintiff, <br> v. <br> PROTOTEK, INC., et al., <br><br> Defendants | No. C-03-4792 MMC <br><br> **ORDER DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE OF MOTION FOR ASSIGNMENT ORDER ON JUDGMENT DEBTORS; VACATING DECEMBER 9, 2005 HEARING DATE** |

      Before the Court is plaintiff's Motion for Assignment Order, filed October 31, 2005. In said motion, plaintiff seeks relief under § 708.510 and § 708.520 of the California Code of Civil Procedure, as well as under the common law of California.

      Plaintiff has not filed proof of service indicating that it has served its motion on the judgment debtors.[1] To the extent plaintiff seeks an order of assignment pursuant to § 708.510, plaintiff must give notice to the judgment debtors. See Cal. Code Civ. Proc. § 708.510(b) (providing "notice of the motion shall be served on the judgment debtor"). To the extent plaintiff seeks a restraining order pursuant to § 708.520, the Court finds plaintiff must give notice to the judgment debtors, for the reason that plaintiff has failed to state any reason why notice should not be given. See Cal. Code Civ. Proc. § 708.520(a) (providing

---

[1] Plaintiff did file a document indicating that it served the motion on counsel for certain settling defendants. Plaintiff, however, has not indicated that any such counsel now represent judgment debtors.

"application shall be made on noticed motion if the court so directs").  Finally, to the extent plaintiff seeks an order of assignment under the common law, see Peterson v. Sheriff, 115 Cal. 211, 213 (1896), plaintiff cites no authority, and the Court has located none, holding such an order may be entered absent notice.

Accordingly, plaintiff is hereby ORDERED to file, no later than November 23, 2005, proof of service of the above-referenced motion on the judgment debtors.[2]  If plaintiff does not file such proof of service within the time provided, the Court will deny plaintiff's motion, without prejudice.

**IT IS SO ORDERED.**

Dated: November 7, 2005

MAXINE M. CHESNEY
United States District Judge

---

[2] The December 9, 2005 hearing date is hereby VACATED.

2