IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEEPY HOLLOW INVESTMENT COMPANY NO. 2,<br><br>        Plaintiff(s),<br><br>  vs.<br><br>PROTOTEK, INC., et al.,<br><br>        Defendant(s). | No. C 03-4792 MMC (MEJ)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ASSIGNMENT ORDER** |

## I.  BACKGROUND

In the present action, plaintiff Sleepy Hollow Investment Company No. 2 ("Sleepy Hollow") sought to recover damages from defendants Prototek, Inc. and Prototek II, Inc. (collectively "Prototek") for breach of lease, and for violation of Federal CERCLA statutes, Declaratory Relief, Nuisance, Trespass, Negligence, and Waste arising out of Prototek's use and abandonment of premises in breach of a lease for commercial property.  The other defendants sued by Sleepy Hollow in this matter are either officers, directors, or controlling shareholders of Prototek or Enzyme Service Products, Inc., which shared the leased premises with Prototek for a period of time.  Sleepy Hollow settled with all defendants other than Prototek.

On February 11, 2005, Sleepy Hollow filed a Motion for Default Judgment as to Prototek and, on May 20, 2005, the Honorable Maxine M. Chesney granted judgment against Prototek in the amount of $263,621.80, with interest at the rate of 3.35% until paid.  According to Sleepy Hollow, no payments have been received from Prototek.  Decl. of Terrence Meyerhoff in Support of Motion for Assignment Order at ¶ 3.

Now before the Court is Sleepy Hollow's Motion for Assignment Order, filed October 31, 2005. In its motion, Sleepy Hollow moves the Court for an order assigning to it, the Judgment Creditor, title to certain patents of Prototek, the Judgment Debtor, in satisfaction of the May 20 judgment. In the alternative, Sleepy Hollow moves for an order assigning all of Prototek's rights to payments under certain patents to the extent necessary to satisfy the judgment in full, including accrued interest up until the date of payment. Sleepy Hollow also moves for an order restraining Prototek and any servant, agent, employee or attorney for the judgment debtor and any person(s) in active concert and participating with Prototek from encumbering, assigning, or disposing of the patents or the rights to payments thereunder.

## II. LEGAL STANDARD

A district court has authority to enforce its money judgment in accordance with the practice and procedure of the state in which it sits. Fed. R. Civ. P. 69(a); *Duchek v. Jacobi*, 646 F.2d 415, 416 (9th Cir. 1981). Under California law, all property of the judgment debtor is subject to enforcement of a money judgment, including intangible property such as patents and copyrights. Cal. Civ. Proc. Code § 695.010; *Pacific Bank v. Robinson*, 57 Cal. 520, 524 (1881). The proper procedure to execute on a patent is to obtain an order of the court directing the patent holder to assign the patent. *Peterson v. Sheriff of San Francisco*, 115 Cal. 211, 213 (1896). The assignment need not be executed personally by the patentee; the court may authorize a court officer to execute the assignment and the assignment will be binding on the patentee. *Id.*; *Zanetti v. Zanetti*, 77 Cal.App.2d 553, 559.

## III. APPLICATION TO THE CASE AT BAR

**A.   Assignment of Prototek's Patents**

Here, Sleepy Hollow states that Prototek currently has title to the following patents:

*Patent No.     Title*

1. 6,297,277   Cysteine protease inhibitors containing heterocyclic leaving groups
2. 6,147,188   alpha-(1,3-or 1.2-dicarbonylenol ether methyl ketone) as cysteine protease inhibitors

2

3. 5,925,772  Cysteine protease inhibitors containing heterocyclic leaving groups
4. 5,714,484  Alpha-(1,3-dicarbonylenol ether) methyl ketone as cysteine protease inhibitors
5. 5,663,380  Cysteine protease inhibitors containing heterocyclic leaving groups
6. 5,486,623  Cysteine protease inhibitors containing heterocyclic leaving groups
7. 5,374,623  Cysteine protease inhibitors effective for in vivo use
8. 5,344,939  Process for forming a fluoromethyl ketone
9. 5,210,272  Process for forming a fluoromethyl ketone
10. 5,101,068  Magnesium fluoromalonates
11. 4,908,309  Method of detecting cysteine proteases

Sleepy Hollow requests that the Court direct a court officer to execute an assignment, assigning to Sleepy Hollow Prototek's title in these patents.

A judgment creditor of a patentee can request that a court execute a money judgment on a patent, subjecting the patent to the satisfaction of the judgment, and compelling the patentee to assign the patent. *Peterson v. Sheriff of San Francisco*, 115 Cal. 211, 213 (1896). In its motion, Sleepy Hollow states that it is willing to stipulate that the value of the subject patents is $25,000 and that its judgment against Prototek will be reduced to this amount, thereby fully satisfying the judgment upon this Court's assignment of the subject patents. While it is convenient to think that the 11 subject patents have a total value roughly equal to the judgment in this matter, Sleepy Hollow has presented no evidence to substantiate its willing stipulation. Thus, the Court finds it must deny Sleepy Hollow's motion for an assignment of the subject patents and shall instead look to alternative means by which to enforce the judgment.

**B.    Assignment Of Payments Due Under Prototek's Patents**

California Code of Civil Procedure Section 708.510 authorizes the Court to issue an order directing Prototek to assign to Sleepy Hollow all or part of a right to payment due or to become due, including payments due from a patent, accounts receivable, general intangibles, judgments, and instruments. Although the Court may take into consideration all relevant factors, the sole constraints

3

placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount. Cal. Civ. Proc. Code § 708.510(c), (d), (e), and (f).

Here, Sleepy Hollow states that it believes there exist rights to payments that are due or will become due to Prototek under the patents, which rights have not previously been assigned. Meyerhoff Decl. at ¶¶ 6, 8. As the Court finds the assignment of payments due a more equitable means of satisfying the judgment, the Court shall grant Sleepy Hollow's motion to assign payments due, or to become due, under the patents identified above. This assignment shall remain in place until such time as the judgment is paid in full, including accrued interest. If Prototek refuses to comply with this Order, Sleepy Hollow may move the District Court for an order directing a court officer to make the assignment.

**C.    Service Of Motion**

In granting Sleepy Hollow's motion for an assignment of payment rights, the Court is aware that it must also determine whether Sleepy Hollow properly served the motion and related papers on Prototek. Service must be made personally or by mail. Cal. Civ. Proc. Code § 708.510(b). Here, Sleepy Hollow personally served the following individuals:

> Samuel Waksal, former President and/or Chief Executive Officer of Prototek, Inc., served on November 22, 2005.
>
> Laurence D. Jackson and Holly O. Whatley, attorneys of the law firm of Christa and Jackson, served on October 31, 2005. The law firm of Christa and Jackson are Waksal's attorneys of record
>
> William Wick, Peggy Radel's last known attorney of record, served on November 18, 2005. Peggy Radel was a registered agent for service of process for Prototek. Sleepy Hollow attempted to serve Ms. Radel on several occasions in November 2005, without success.
>
> William McAvoy, last known registered agent for service of process for Prototek,    served on November 18, 2005.

Decl. of Terrence Meyerhoff in Support of Motion for Assignment Order (second Meyerhoff declaration, filed January 23, 2006), pp. 2-3.

The Court finds that service upon these four individuals is proper; thus, Sleepy Hollow

4

provided Prototek with notice of the instant motion and Prototek's failure to respond cannot prohibit the entry of an assignment order.

### IV.  CONCLUSION

Based on the foregoing analysis, the Court hereby DENIES Sleepy Hollow's motion for an order assigning title to Prototek's patents, and GRANTS Sleepy Hollow's motion assigning it Prototek's right to payment due or to become due under the subject patents until such time as the judgment is paid in full, including accrued interest.  Pursuant to California Code of Civil Procedure 708.520, the Court RESTRAINS Prototek from assigning or otherwise disposing of the right to payment and title to the patents, other than to Sleepy Hollow, so that it might be available for satisfaction of the judgment.

**IT IS SO ORDERED.**

Dated: February 3, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

5