IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SLEEPY HOLLOW INVESTMENT
COMPANY NO. 2,

    Plaintiff(s),

vs.

PROTOTEK, INC., et al.,

    Defendant(s).

No. C 03-4792 MMC (MEJ)

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

    Before the Court is Plaintiff Sleepy Hollow Investment Company No. 2's ("Sleepy Hollow") Motion for Reconsideration of Assignment Order, filed February 26, 2007. On September 13, 2007, the Court held a hearing on the matter. Kevin Montee appeared on behalf of Sleepy Hollow. Defendant Prototek, Inc. made no appearance. For the reasons set forth below, the Court GRANTS Sleepy Hollow's motion.

## BACKGROUND

    On May 20, 2005, the Honorable Maxine M. Chesney granted default judgment against Defendant Prototek, Inc. ("Prototek") in the amount of $263,621.80, with interest at the rate of 3.35% until paid. Since that time, no payments have been received from Prototek. On October 31, 2005, Sleepy Hollow moved the Court for an order assigning it title to certain patents of Prototek in satisfaction of the May 20 judgment. In the alternative, Sleepy Hollow requested an order assigning all of Prototek's rights to payments under the patents to the extent necessary to satisfy the judgment. Judge Chesney referred Sleepy Hollow's motion to the undersigned.

    On February 3, 2006, the Court denied Sleepy Hollow's motion to assign Prototek's patents,

but, pursuant to California Code of Civil Procedure Section 708.510, granted Sleepy Hollow's motion to assign payments due, or to become due, under Prototek's patents. (Doc. #107.) The Court ordered that the assignment remain in place until such time as the judgment was paid in full, including accrued interest.

## DISCUSSION

In its present motion, Sleepy Hollow asks the Court to reconsider its February 3, 2006 Order, arguing that there have never been, nor will there ever be any payments due under Prototek's patents. Therefore, Sleepy Hollow argues, its only hope of recovery is to have the Court assign title to the patents so that it may sell them.

A district court has authority to enforce its money judgment in accordance with the practice and procedure of the state in which it sits. Fed. R. Civ. P. 69(a); *Duchek v. Jacobi*, 646 F.2d 415, 416 (9th Cir. 1981). Under California law, all property of the judgment debtor is subject to enforcement of a money judgment, including intangible property such as patents and copyrights. Cal. Civ. Proc. Code § 695.010; *Pacific Bank v. Robinson*, 57 Cal. 520, 524 (1881).

At the time of its February 3 Order, the Court determined that the assignment of payments due was appropriate as a more equitable means of satisfying the judgment. Since that time, however, Sleepy Hollow states that it has come to learn that Prototek has not received nor will it ever receive any money due to its ownership of the patents. (Doc. #118, ¶¶ 9-17, Exhs. C&D.) Based on this evidence, the Court finds that assignment of Prototek's patents is now appropriate.

## CONCLUSION

Sleepy Hollow's motion for reconsideration is GRANTED. The Court's February 3, 2006 Order is hereby modified such that title to the following patents of Prototek, Inc. be, and hereby is, assigned to Sleepy Hollow Investment Company, No. 2, in partial satisfaction of the judgment entered against Prototek, Inc. on May 20, 2005:

**Pat No.**         **Title**
1. 6,297,277 **T** Cysteine protease inhibitors containing heterocyclic leaving groups
2. 6,147,188 **T** alpha-(1,3-or 1,2-dicarbonylenol ether methyl ketone) as

2

cysteine protease inhibitors

3. <u>5,925,772</u> **T** <u>Cysteine protease inhibitors containing heterocyclic leaving groups</u>

4. <u>5,714,484</u> **T** <u>alpha-(1,3-dicarbonylenol ether) methyl ketone as cysteine protease inhibitors</u>

5. <u>5,663,380</u> **T** <u>Cysteine protease inhibitors containing heterocyclic leaving groups</u>

6. <u>5,486,623</u> **T** <u>Cysteine protease inhibitors containing heterocyclic leaving groups</u>

7. <u>5,374,623</u> **T** <u>Cysteine protease inhibitors effective for in vivo use</u>

8. <u>5,344,939</u> **T** <u>Process for forming a fluoromethyl ketone</u>

9. <u>5,210,272</u> **T** <u>Process for forming a fluoromethyl ketone</u>

10. <u>5,101,068</u> **T** <u>Magnesium fluoromalonates</u>

11. <u>4,908,309</u> **T** <u>Method of detecting cysteine proteases</u>

**IT IS SO ORDERED.**

Dated: September 13, 2007

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3